# In the District Court of the United States
# For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| Terry Lee Alewine, #256177,  ) | |
| ) | Civil Action No. 9:05-2681-RBH-GCK |
| Petitioner,  ) | |
| ) | |
| vs.  ) | |
| ) | **REPORT AND RECOMMENDATION** |
| A. J. Padula, Warden and  ) | **OF THE MAGISTRATE JUDGE** |
| Henry D. McMaster, Attorney  ) | |
| General of South Carolina,  ) | |
| ) | |
| Respondents.  ) | |

## I. INTRODUCTION

The Petitioner, Terry Lee Alewine ("Petitioner" or "Alewine"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Alewine is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections. Alewine filed this Petition for a writ of habeas corpus (the "Petition") on September 28, 2005 against A. J. Padula, Warden and Henry McMaster, the Attorney General of the State of South Carolina.[1] [1-1]. Alewine is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert.*

---

[1] Alewine has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of September 14, 2005.

*denied,* Leeke v. Gordon, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254.  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.   PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During a 1998 term of the Court of General Sessions for Lexington County, the grand jury returned indictments against Alewine for first-degree burglary, first-degree criminal sexual conduct, kidnaping, strong armed robbery, petit larceny, and failure to register with the sex offender registry.  (App. pp. 2154-2154A).  The state served notice of intent to seek the death penalty.  Alewine was appointed representation by Hervery B. O. Young, Esquire.

On February 8, 1999, the Petitioner pled guilty to first-degree burglary.  He was sentenced by the Honorable Marc Westbrook to life in prison without parole.  The Petitioner did not appeal his conviction or sentence.

### B. Alewine's Application for Post-Conviction Relief

The Petitioner filed an application for post-conviction relief ("PCR") on September 17, 1999. (App. p. 131). He raised the following grounds for relief in the Application:

- A. Ineffective Assistance of Counsel.
- B. Involuntary guilty plea.
- C. Denied due process and equal protection.
- D. Trial Court lacked subject matter jurisdiction

The State made its Return on November 12, 1999. At an evidentiary hearing on June 12, 2001, before the Honorable J. C. Nicholson, Jr., Alewine amended his application to allege 51 grounds for relief. The court found that although the amendment included 51 separate allegations, as a practical matter, they could be distilled to five issues: (1) the competency of Alewine to enter his guilty plea; (2) the competency of the victim; (3) counsel's advice to plead guilty; (4) counsel's failure to file an appeal; and (5) various instances of trial court error. All issues aside from the allegations of trial court error were couched in terms of ineffective assistance of counsel.

Hearings into this matter were convened on June 12-13, 2001, and October 2, 2001, at the Lexington County Courthouse before the Honorable J.C. Nicholson, Jr. Alewine was present at both hearings and was represent by Ronald A. Hightower, Esquire. The Respondent was represent by Allen Bullard of the South Carolina Attorney General's Office. During these hearings, Alewine presented the testimony of his trial counsel, Hervery Young, Esquire, as well as Mattie Alewine, Shirley Cue, Lori Hall, Esquire, Johnnie Alewine, Dr. Robert Brabham, Dr. Robert N. Milling, Edith Hawfield, Liz Ann Jackson, Dr. Geoffrey R. McKee and Dr. Michelle Ford. The State offered testimony from Dayton Riddle, Esquire, Robert G. Rightsell, Dr. Leslie Sandler, and Walter Meetze, Esquire. By order dated January 20, 2002, Judge Nicholson denied and dismissed Alewine's application. (App. pp. 919-940).

### C. Petitioner's Appeal to South Carolina Supreme Court

Assistant Appellate Defender Daniel T. Stacey represented Alewine during his PCR appeal and timely filed a Petition for Writ of Certiorari on Petitioner's behalf. In his Petition, the following issue was raised:

> **Whether Petitioner received effective assistance of counsel in connection with the evaluation of his competency to stand trial?**

On February 5, 2004, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. The Remittitur was entered on February 23, 2004.

## IV. FEDERAL COURT HISTORY

### A. Alewine's Petition for a Writ of Habeas Corpus

On September 14, 2005, Alewine filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth five (5) grounds for relief:

1. Ineffective Assistance of Counsel.

    A. Counsel failed to properly investigate and evaluate fully all the facts surrounding my competency to stand trial or make a guilty plea for life imprisonment without parole of no advantage to me at all, as no death penalty was requested by state or available on the charges.

II. My Guilty Plea was not knowingly intelligently and [in]voluntarily made.

    A. Counsel admitted that he should have investigated competency issue of my guilty plea. App. P. 817, Line 12-17. I would not have pled guilty to life in prison without parole if I had understood the guilty plea but would have went to trial.

III. All other grounds raised below by me in the other courts of appeals.

    A. I raised other grounds on the record that I hereby request this court to review on my behalf - that is - all other grounds on the record and mentioned herein.

On September 30, 2005, the undersigned issued an Order which authorized service on the A. J. Padula and Henry McMaster (collectively, the "Respondents"), and notified Alewine of the change of address rule. [5-1] In response to Alewine's Petition for habeas corpus relief, the Respondents timely filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment") on November 21, 2005. [8-1; 7-1]

The undersigned issued an Order filed on November 22, 2005, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Alewine of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[2] [10-1] Thereafter, on December 9, 2005, Alewine filed a Response to the motion for summary judgment. [11-1]

### B. Standard for Determining a Motion for Summary Judgment

The determination of a motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

### C. Habeas Corpus Review

### 1. The Antiterrorism and Effective Death Penalty Act

### a. The Statute of Limitations

The present habeas corpus petition was filed on September 14, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins

---

[2] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).[3]

The Respondent argues, and this court agrees, that Petitioner's Petition should be denied and dismissed because it is untimely under the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d).

Petitioner pled guilty in the Court of General Sessions to first degree burglary on Monday, February 8, 1999. Judge Westbrook sentenced him to life imprisonment without parole. Petitioner did not appeal his conviction or sentence. Accordingly, pursuant to SCACR Rule 203(b)(2), his conviction became final ten (10) days after he was sentenced by Judge Westbrook, on Thursday, February 18, 1999.[4] Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. *See, e.g.*, Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257

---

[3]  The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4]  SCACR Rule 203(b)(2) provides in pertinent part:
*Appeals from the Court of General Sessions.* After a plea . . .resulting in conviction . . . a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed. . . . .

(United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction). Petitioner thus had until February 18, 2000 to file his federal habeas corpus action, unless the period was at any time tolled. *See, e.g.*, Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, *supra*; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed his first application for PCR on September 17, 1999. (App. p. 131). Thus, two hundred and eleven (211) days of non-tolled time passed between the conclusion of direct review and the filing of the first application for PCR. The habeas corpus period of limitations was tolled during the pendency of the application for PCR, at most until February 23, 2004, when the South Carolina Supreme Court issued the Remittitur from the denial of the certiorari in the PCR action.[5] *See, e.g.*, Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

As discussed in the foregoing paragraph, Petitioner had run through 211 days of his one year time period in which to file for federal habeas review. Put another way, Petitioner had to file within 154 days after February 23, 2004, which, by this court's calculation, is July 26, 2004.[6] However, Petitioner's Houston v. Lack date for this action is September 14, 2005, more than one year after the statute of limitations expired. Therefore, Petitioner's Petition should be dismissed as not timely filed.

---

[5]    *See* Remittitur attached to Respondents' Motion for Summary Judgment.

[6]    The court calculates 154 days from February 23, 2004 as follows: February 2004 had 29 days, so counting from February 24-29 is 6 days, plus 31 days in March, 30 days in April, 31 days in May, 30 days in June, and 26 days in July.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment **[8-1] should be granted**.

                                                      George C. Kosko
                                                      United States Magistrate Judge

January 13, 2006

Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

> resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
