IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Terry Lee Alewine, #256177, | ) | Civil Action No. 9:05-2681-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| A.J. Padula, Warden and Henry D. | ) | |
| McMaster, Attorney General of the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Terry Lee Alewine, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on September 28, 2005. Currently pending before the court is the Respondents' motion for summary judgment which was filed on November 21, 2005. By Order entered November 22, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on December 9, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on January 13, 2006. In the Report, the Magistrate Judge correctly notes that pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), there is a one-year statute of limitations on the filing of petitions under 28 U.S.C. § 2254. As such, he recommends that the Respondents' motion be granted and that this Petition be dismissed as not timely filed because it was filed well after the expiration of the one-year statute of limitations. Petitioner filed objections to the Report and Recommendation on April 19,

2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. It appears to this court that the Petitioner's objections to the Report do not dispute the Magistrate Judge's determination that the Petitioner's Petition was filed untimely. However, Petitioner's objections to the Report do dispute the Magistrate Judge's recommendation to this court that Respondents' motion should be granted and that this Petition should be dismissed because of the untimeliness. Petitioner's objections are essentially arguments for equitable tolling of the one-year statute of limitations and can be primarily divided into two themes. First, that he is unskilled in the law, did not understand and was never instructed on how the AEDPA statute of limitations applied to his case. Second, that his low IQ or mental limitations warrant tolling of the one-year statute of limitations.

This court first notes that the United States Supreme Court has never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations. *Cf.* Pliler v. Ford, 542 U.S. 225 (2004). However, when faced with a case in which the Respondent assumed that

equitable tolling might apply and in which the terms of equitable tolling clearly were not met, the Court sidestepped the question and addressed the merits of equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408 (2005). The Court noted that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 418 (citation omitted). On the other hand, the Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir.2000). However, the Fourth Circuit cautioned that equitable tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. Petitioner would only be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondents) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. See Harris, 209 F.3d at 330.

The court finds that Petitioner's first argument, that he is unskilled in the law and did not understand AEDPA's statute of limitation, does not justify equitable tolling. The court notes that the Fourth Circuit has directly addressed this argument, and after reviewing decisions in several other Circuits, concluded that "[e]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). The court finds that Petitioner's second argument, that he has a low IQ or mental limitations, also does not warrant

equitable tolling. Notably, the Sosa Court dealt with this argument as well and held that "[a]s a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity." Id. at 513. The Sosa Court cited a Ninth Circuit opinion which found that equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence." Id. (citing Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998). This court finds that the Petitioner in the case at bar "has not asserted that his mental condition rises to this level, and in any event, his diligence in seeking to vacate or modify his sentence indicates quite clearly that his is not an extraordinary case." Id.[1]

This court finds that its decision in this case is in keeping with the Fourth Circuit's directive that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, 209 F.3d at 330.

After reviewing the Report, objections, pleadings, memoranda, and applicable law, the court finds, for the reasons stated above, that the Petitioner's objections are without merit. Therefore, **IT IS**

---

[1] The court does note that as an attachment to his objections, the Petitioner encloses a two page portion of what appears to be a psychological and mental competency report from an unknown author. The said report does indicate that the Petitioner has a long history of psychiatric hospitalizations. However, the attachment is so limited that the court cannot glean from it the time period it was prepared and the purpose of its preparation. Furthermore, it remains unclear whether the limited attachment addresses the period during which the Petitioner could have timely filed his *habeas* Petition. Nevertheless, the court finds that the limited attachment does not meet the Petitioner's burden of showing extraordinary circumstances.

**HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [Entry #12] is **ADOPTED** and incorporated herein by reference and the Petitioner's objections [Entry # 15] are **OVERRULED**. Accordingly, the Respondents' motion for summary judgment [Entry # 8] is **GRANTED**, and this petition is **DISMISSED**.

    **IT IS SO ORDERED.**

                                 s/ R. Bryan Harwell
                                R. Bryan Harwell
                                United States District Judge

August 31, 2006
Florence, South Carolina